UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERITAN DUMEL,

    Plaintiff,

v.                                                    CASE NO. 8:15-cv-297-T-23EAJ

WARDEN LAWRENCE, *et al.*,

    Defendants.
_____/

## **O R D E R**

Dumel's complaint alleges that his rights were violated when excessive force was used against him inside the dining hall of the Hardee Correctional Institution ("HCI"). Dumel commenced this action in state court with a paper entitled "Petition for Writ of Mandamus or Alternative 42 U.S.C. § 1983." (Doc. 2) Dumel identifies Warden Lawrence and Sergeant Sanchez as the defendants. Dumel successfully served only Sgt. Sanchez, who removed this action and moves to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. (Doc. 7) An earlier order cautions Dumel "that the granting of a motion to dismiss could result in both the dismissal of his claims against Sgt. Sanchez and a final adjudication" and advises Dumel about the need to oppose the motion to dismiss. (Doc. 8 at 3) Dumel filed his opposition (Doc. 10) to the motion to dismiss.

As a preliminary matter, three motions remain pending that Dumel filed in state court before the action was removed. A "Motion for Leave to Proffer Additional Record Evidence" and a "Motion for Verification" (Docs. 3 and 4) are an attempt to amend this action. Dumel may amend his action when he files an amended complaint, which is discussed later. Lastly, Dumel seeks reimbursement from the state court for the cost of the unsuccessful service of process on Warden Lawrence, a remedy not available in federal court.

## MOTION TO DISMISS

### A.

Defendant Sgt. Sanchez moves (Doc. 7) to dismiss the complaint under Rule 12(b), Federal Rules of Civil Procedure. First, Sgt. Sanchez argues for dismissal under Rule 12(b)(4) for insufficiency of process because service was not timely effected as required under state law, specifically, the requirement under Rule 1.070(j), Florida Rules of Civil Procedure, to serve the complaint within 120 days after the initial pleading. Sgt. Sanchez properly cites *Nationsbank, N.A. v. Ziner*, 726 So. 2d 364, 366 (Fla. 4th DCA 1999), for the proposition that "[t]he purpose of Rule 1.070(j) is to prevent a plaintiff from filing a suit and then taking no action whatsoever to proceed on the claim." (Doc. 7 at 4–5) The exhibits show that, because he was seeking leave to proceed *in forma pauperis*, many months passed before the state court authorized Dumel to proceed with service.

**B.**

Sgt. Sanchez moves to dismiss Dumel's request for mandamus relief. Dumel's state court pleading requests relief under Rule 9.100, Florida Rules of Appellate Procedure. The pleading is facially insufficient because it fails to show entitlement to the performance of a particular act, to identify who is responsible for performing the act, and to prove the lack of an alternative remedy. Moreover, mandamus relief is not possible because the action was removed. A federal court lacks jurisdiction to issue a writ of mandamus to order a state agency, a state court, or a state's judicial employees to perform a duty. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).[1] *See also Lawrence v. Miami-Dade County State Att'y Office*, 272 Fed. App'x 781, 781 (11th Cir. 2008)[2] ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *Bailey v. Silberman*, 226 Fed. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.").

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

### C.

Sgt. Sanchez moves to dismiss Dumel's request for injunctive relief. Dumel requests an injunction to protect him from "potential acts of retaliation" from Sgt. Sanchez. The motion to dismiss correctly argues that the request for injunctive relief is moot because Dumel is no longer confined at HCI — the docket shows that Dumel is now confined at the Cross City Correctional Institution. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."), *abrogated on other grounds, Sossamon v. Texas*, 131 S. Ct. 1651 (2011).

### D.

Lastly, Sgt. Sanchez moves to dismiss under Rule 12(b)(6). Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), summarizes the pleading requirements as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)."  As a consequence, *Twombly* specifically applies to a Section 1983 prisoner action.  *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

On a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003), *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  The allegations of fact and any reasonable inference must combine to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), explains that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." As *Iqbal*, 556 U.S. at 678–79, teaches, "plausibility" is greater than a mere "possibility" but less than a "probability."

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "shown" — "that the pleader is entitled to relief."

The motion to dismiss (Doc. 7 at 3) (brackets original) accurately summarizes Dumel's factual allegations:

> Plaintiff alleges that on February 17, 2013, he was in Food Service at Hardee C.I. when he requested to speak with the officer in charge because the kitchen had run out of chicken for special diet inmates. [Doc. 2, p. 2]. Plaintiff claims that when he explained the situation to Sgt. Sanchez, Sgt. Sanchez replied "you're not getting any chicken." [Doc. 2, p. 2]. Plaintiff states that when he asked to speak to the captain, Sgt. Sanchez "maced me with chemical agent and while escorting me to medical shove[d] me face first into a pole in front of medical and split my forehead." [Doc. 2, p. 2].

*Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992), explains that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is that set out in *Whitley [v. Albers*, 475 U.S. 312, 321 (1986)]: whether force was applied in good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." While addressing a claim of excessive force under the Eighth Amendment, this court must consider "the need for application of force, the relationship between that need and

the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson,* 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312 321 (1986)). The reviewing court may also consider the extent of any injury to the inmate as indicative of whether the force was applied maliciously and sadistically to cause harm.

Affording Dumel's factual allegation the required generous interpretation, the complaint adequately alleges a claim that Sgt. Sanchez used excessive force under the circumstances. Nevertheless, Dumel must amend his complaint and use the form required for a plaintiff who proceeds *pro se*. Dumel should consult the standards discussed above when drafting his amended complaint.[3] Dumel must send a copy of the amended complaint to defendant's counsel.

Accordingly, Dumel's "Motion for Leave to Proffer Additional Record Evidence," "Motion for Verification," and request for reimbursement of costs for service of process (Docs. 3–5) are **DENIED**. The motion to dismiss (Doc. 7) is **GRANTED**. The civil rights complaint (Doc. 1) is **DISMISSED** without prejudice. On or before **MONDAY, SEPTEMBER 14, 2015**, Dumel must file an amended complaint. The failure to timely file an amended complaint will result in the dismissal of this case without further notice. The clerk must send to Dumel the

---

[3] Although originally named as a defendant, the complaint alleges no fact that Warden Lawrence was directly involved in the incident. The principle of *respondent superior* is inapplicable for a Section 1983 claim. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). As noted at the beginning of this order, service of process was never perfected on Warden Lawrence.

<mark>Case 8:15-cv-00297-SDM-AAS   Document 16   Filed 08/17/15   Page 8 of 8 PageID 149</mark>

required form for filing a civil rights complaint.  Sgt. Sanchez must respond to the amended complaint within twenty days.

ORDERED in Tampa, Florida, on August 17, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

<mark>- 8 -</mark>