UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERITAN DUMEL,

    Plaintiff,

v.                                             CASE NO. 8:15-cv-297-T-23AAS

SERGEANT C. SANCHEZ,

    Defendant.
_____/

## **ORDER**

    On February 17, 2013, the "chow line" at the Hardee Correctional Institution ran out of chicken before serving Meritan Dumel, an inmate whose health requires a special diet. A server offered Dumel two peanut-butter sandwiches, but Dumel declined the sandwiches and requested to speak with a captain. (Doc. 19 at 6) After Sergeant Sanchez, a guard at the prison, responded and allegedly told Dumel to "cuff up" (that is, to submit to wrist restraints), Dumel admittedly refused to submit to the restraints and instead insisted on speaking with a captain. (Doc. 19 at 6) Sergeant Sanchez allegedly "drew his chemical agent and without any further orders" pepper-sprayed Dumel, "tackled" Dumel, and applied the wrist restraints. (Doc. 19 at 6) While escorting Dumel to the medical building, Sergeant Sanchez allegedly "slammed" Dumel's face into a concrete pole outside the medical building and fractured Dumel's skull.

Dumel, who sues (Doc. 19) Sergeant Sanchez under Section 1983, claims a violation of the Eighth Amendment prohibition on cruel and unusual punishment. Arguing that he used only the physical force necessary to preserve order and denying that he slammed Dumel's head into a concrete pole, Sergeant Sanchez moves (Doc. 39) for summary judgment. After the expiration of the time within which to respond, Dumel submits no response to Sergeant Sanchez's motion.[1]

## DISCUSSION

A prison presents danger for inmates, for visitors, and particularly for the guards tasked with maintaining order, a task that often requires the use of force. A guard incurs no liability under the Eighth Amendment if he injures an inmate while attempting in good faith to preserve or restore discipline, but the malicious or sadistic use of force to harm an inmate violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1 (1992). Whether a guard's conduct violates the Eighth Amendment depends on the necessity of using force, the inmate's injury, the reasonableness of the guard's perception that force was necessary to preserve order, and the guard's effort to "temper the severity of a forceful response." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986). A prison administrator's or guard's conduct in the effort to preserve order deserves "wide-ranging deference." *Whitley*, 475 U.S. at 321–22; *Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

---

[1] If a party opposes a motion, Local Rule 3.01(b) requires the party to respond no later than fourteen days after the motion. A February 14, 2017 order (Doc. 44) permitted Dumel to respond no later than April 10, 2017.

The record reveals that the force Sergeant Sanchez applied in the chow hall was reasonably necessary to maintain order. After Dumel declined the peanut-butter sandwiches, Dumel began "yelling and screaming." (Doc. 39-1 at 3) Sergeant Sanchez approached and ordered Dumel to behave. Sergeant Rose, who witnessed the incident, reported that Sergeant Sanchez told Dumel "to take a tray or leave" the chow hall but that Dumel refused to cooperate. (Doc. 39-1 at 7) Several more times, Sergeant Sanchez ordered Dumel to stop yelling and disrupting the chow hall, but Dumel persisted. (Doc. 39-1 at 3 and 9) Sergeant Sanchez ordered Dumel to turn around and submit to wrist restraints, but, again, Dumel refused. (Doc. 39-1 at 3) In a statement that day, Dumel tacitly acknowledged his refusal to comply with Sergeant Sanchez's orders: After Sergeant Sanchez ordered Dumel to "cuff up," Dumel replied, "What's the difference from prison and [solitary] confinement." (Doc. 39-1 at 16) Sergeant Sanchez repeatedly cautioned Dumel that the refusal to submit to wrist restraints would result in the use of a chemical agent. (Doc. 39-1 at 7) After Dumel refused to comply, Sergeant Sanchez pepper-sprayed Dumel, who continued to "physically resist" Sergeant Sanchez. (Doc. 39-1 at 3) At that moment, Sergeant Sanchez restrained Dumel's arm and "placed him against the wall in order to gain compliance." (Doc. 39-1 at 3)

None of Sergeant Sanchez's conduct in the chow hall violates the Eighth Amendment. Angered that the prison substituted peanut-butter sandwiches for chicken, Dumel disrupted the chow hall and prevented other inmates' receiving their

dinner. Surrounded by hungry inmates and facing a prisoner who continued to disrupt the dinner service, Sergeant Sanchez repeatedly ordered Dumel to submit to wrist restraints and cautioned Dumel that the failure to comply would result in the use of a chemical agent. After Dumel refused to cooperate, Sergeant Sanchez pepper-sprayed Dumel, restrained Dumel's arm, positioned Dumel against a wall, and applied the wrist restraints. The statements of Sergeants Sanchez and Rose, as well as Dumel's own statement, show that Sergeant Sanchez used necessary force in a good-faith effort to maintain order.

Also, Dumel claims that Sergeant Sanchez "smashed" Dumel's head into a concrete pole at the medical facility, an impact that allegedly fractured Dumel's skull. (Doc. 19 at 7) But Sergeant Cooper, who escorted Dumel from the chow hall to the medical facility, reported no incident in which Sergeant Sanchez "smashed" Dumel's head into a concrete pole or otherwise applied force while escorting Dumel to the medical facility. (Doc. 39-1 at 5)

Similarly, the medical record belies Dumel's claim that Sergeant Sanchez "smashed" Dumel's head into a concrete pole. In an examination conducted promptly after Dumel arrived at the medical facility, a nurse observed a small laceration and an edema (that is, swelling) between Dumel's eyebrows. (Doc. 39-1 at 11) Although the nurse suspected a "non-displaced fracture" of Dumel's nose, an x-ray showed "[n]o acute fracture, dislocation, or other acute osseous or articular

- 4 -

abnormality." A physician's assistant stamped the x-ray report "normal."[2]

(Doc. S-45) As Sergeant Sanchez argues persuasively, the minor laceration and the swelling near Dumel's eyebrows almost certainly resulted from Sergeant Sanchez's use of force in the chow hall. (Doc. 39 at 9) Dumel wears glasses, which struck the wall when Sergeant Sanchez restrained Dumel in the chow hall.

## CONCLUSION

Even viewed favorably to Dumel, the record reveals no genuine dispute whether Sergeant Sanchez "maliciously" or "sadistically" injured Dumel in violation of the Eighth Amendment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (holding that a plaintiff must proffer more than a "mere . . . scintilla of evidence" to defeat summary judgment). After Dumel disrupted the dinner service, Sergeant Sanchez repeatedly ordered Dumel to behave, but Dumel refused. Despite several warnings that the failure to submit to wrist restraints would result in the use of a chemical agent, Dumel refused to comply, and Sergeant Sanchez resorted to the pepper spray. Even after the pepper spray, Dumel continued to "physically resist," and in a brief scuffle Sergeant Sanchez restrained Dumel and placed Dumel against a wall. Dumel, who wears glasses, sustained a minor laceration and swelling near his eyebrows from the incident. Facing an unruly inmate who repeatedly refused to comply with orders, Sergeant Sanchez applied force reasonably necessary to quell a disturbance.

---

[2] Also, a video at the medical facility shows Dumel in no acute distress and with no visible injury consistent with Sergeant Sanchez "slamming" Dumel's head into a concrete pole. (Doc. S-46)

Also, Dumel's medical record and the statement of Sergeant Cooper, who escorted Dumel to the medical facility, refute the claim that Sergeant Sanchez "smashed" Dumel's head into a concrete pole outside the medical facility. Because Dumel fails to identify a genuine dispute of material fact, Sergeant Sanchez's motion (Doc. 39) for summary judgment is **GRANTED**. The clerk is directed (1) to enter judgment for Sergeant Sanchez and against Meritan Dumel, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on April 30, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE